**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Samuel TRINIDAD, Defendant—Appellant.**

**No. 03–30514.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Lynn Lemprecht, Esq., Boise, ID, for Plaintiff–Appellee.

Greg S. Silvey, Esq., Boise, ID, for Defendant–Appellant.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Samuel Trinidad appeals from his life sentence imposed following his convictions for conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), reentry of a deported alien, 8 U.S.C. § 1326(a), false statement during a firearm purchase, 18 U.S.C. § 922(a)(6) and 924(a)(1)(B) and 2, and possession of a firearm by an alien illegally in the United States, 18 U.S.C. § 922(g)(5)(A).

Because Trinidad was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.

2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error).

**REMANDED.[1]**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Trinidad also contends and the government concedes that the district court appears to have made a mistake when it orally sentenced him to 360 months for violation of 8 U.S.C. § 1326(a), where the statutory maximum is two years. On remand, the district court should correct this error at re-sentencing.

